UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELIQUE E. NASH,<br><br>                    Petitioner,<br><br>     v.<br><br>ON HABEAS CORPUS,<br><br>                    Respondent. | No. 1:17-cv-00238-AWI-JLT (HC)<br><br>**ORDER VACATING FINDINGS AND RECOMMENDATION (Doc. 4)**<br><br>**ORDER DISMISSING PETITION WITH LEAVE TO AMEND (Doc. 1)** |

Petitioner filed a habeas petition on February 17, 2017, challenging her 2013 conviction in Kern County Superior Court for first degree murder with special circumstances. Upon review of the petition, it appeared that Petitioner had not sought relief in the California Supreme Court. Therefore, the Court issued a Findings and Recommendation to summarily dismiss the petition for failure to exhaust state remedies. On March 28, 2017, Petitioner filed objections in which she states she has in fact sought relief in the California Supreme Court. Therefore, the Court will vacate the Findings and Recommendation. However, the petition that was filed with the Court contains no grounds for relief. Therefore, the petition will be **DISMISSED** with leave to amend.

**DISCUSSION**

A.      Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

1

entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

B.      Failure to State a Claim

Petitioner must state her claim with sufficient specificity. See Hendricks v. Vasquez, 908 F.2d 490, 491-92 (9th Cir. 1990); Wacht v. Cardwell, 604 F.2d 1245, 1246-47 (9th Cir.1979). Rule 2(c) of the Rules Governing Section 2254 Cases (emphasis added) states:

> The petition must:
>
> (1) specify all the grounds for relief available to the petitioner;
> (2) state the facts supporting each ground;
> (3) state the relief requested;
> (4) be printed, typewritten, or legibly handwritten; and
> (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

The instant petition presents no claims for relief. In the space provided on the form petition for specifying her grounds, Petitioner indicates: "Please see attached." However, no memorandum setting forth any grounds for relief is attached. The only document attached is a copy of the appellate opinion of the Fifth Appellate District Court of the California Court of Appeal ("Fifth DCA"). If Petitioner intended the opinion of the appellate court to function as her statement of grounds for relief, this is improper. The federal district court does not function as a court of appeals to the Fifth DCA.

The basic scope of habeas corpus is prescribed by statute. Title 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that [s]he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. Therefore, Petitioner's claims must be premised on a violation of the

Constitution or Federal law, not State law.  <u>Estelle v. McGuire</u>, 502 U.S. 62, 67 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law); <u>Langford v. Day</u>, 110 F.3d 1380, 1389 (9th Cir. 1997) ("alleged errors in the application of state law are not cognizable in federal habeas corpus" proceedings).

Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of her claims in state court

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

Here, Petitioner fails to specify any grounds for relief and she fails to demonstrate how the adjudication of those grounds for relief were contrary to or an unreasonable application of Supreme Court authority.  Therefore, the petition will be dismissed with leave to amend.

C.   <u>Failure to Name a Proper Respondent</u>

In this case, Petitioner fails to name a respondent.  A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of her as the respondent to the petition.  Rule 2 (a) of the Rules Governing § 2254 Cases; <u>Ortiz-Sandoval v. Gomez</u>, 81 F.3d 891, 894 (9th Cir. 1996); <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. <u>Brittingham v. United States</u>, 982 F.2d 378, 379 (9th Cir. 1992); <u>see also</u> <u>Stanley</u>, 21 F.3d at 360. However, the chief officer in charge of state penal institutions is also appropriate. <u>Ortiz</u>, 81 F.3d at 894; <u>Stanley</u>, 21 F.3d at 360.  Where a petitioner is on probation or parole, the proper respondent is her probation or parole officer and the official in charge of the parole or probation agency or state correctional agency. <u>Id</u>.

Petitioner's failure to name a proper respondent requires dismissal of her habeas petition for lack of jurisdiction. <u>Stanley</u>, 21 F.3d at 360; <u>Olson v. California Adult Auth</u>., 423 F.2d 1326, 1326 (9th Cir. 1970); <u>see also</u> <u>Billiteri v. United States Bd. Of Parole</u>, 541 F.2d 938, 948 (2nd

3

Cir. 1976). However, the Court will give Petitioner the opportunity to cure this defect by amending the petition to name a proper respondent, such as the warden of her facility. See West v. Louisiana, 478 F.2d 1026, 1029 (5th Cir. 1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir. 1975) (en banc) (allowing petitioner to amend petition to name proper respondent); Ashley v. State of Washington, 394 F.2d 125 (9th Cir. 1968) (same).

**ORDER**

The Court **ORDERS**:

1) The Findings and Recommendation issued on March 2, 2017, is **VACATED**;

2) The petition for writ of habeas corpus is **DISMISSED**; and

3) Petitioner is **GRANTED** thirty days to file an amended petition.

IT IS SO ORDERED.

Dated:   **March 30, 2017**            /s/ Jennifer L. Thurston
                                       UNITED STATES MAGISTRATE JUDGE