UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELIQUE NASH,<br><br>    Petitioner,<br><br>    v.<br><br>D. G. ADAMS,<br><br>    Respondent. | No. 1:17-cv-00238-AWI-JLT (HC)<br><br>**FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS PREMATURE PETITION** [Doc. 16]<br><br>**[TEN DAY OBJECTION DEADLINE]** |

Petitioner filed a habeas petition on February 17, 2017, challenging her 2013 conviction in Kern County Superior Court of first degree murder with special circumstances. Pending before the Court is Respondent's motion to dismiss the petition as premature, filed May 5, 2017. (Doc. 16.) Petitioner did not file an opposition. The Court agrees with Respondent and will recommend the motion be GRANTED.

**DISCUSSION**

A.     Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

1

dismiss, or after an answer to the petition has been filed. <u>Herbst v. Cook</u>, 260 F.3d 1039 (9th Cir. 2001).

B.     State Procedural Background

On October 11, 2013, Petitioner was found guilty by jury trial in the Kern County Superior Court of first degree murder with the special circumstance of the murder having been committed during a burglary. (Doc. 10 at 1.[1]) She was sentenced to a term of 25 years-to-life. (Doc. 10 at 1.)

On July 1, 2015, the California Court of Appeal, Fifth Appellate District (hereinafter "Fifth DCA") affirmed judgment. (Doc. 16 at 14.) Petitioner filed a petition for review in the California Supreme Court. On August 17, 2016, the California Supreme Court vacated the Fifth DCA's decision and remanded the matter in light of <u>People v. Franklin</u>, 63 Cal.4th 261, 269 (2016), and <u>People v. Banks</u>, 61 Cal.4th 788 (2015). (Doc. 16 at 15.) Pursuant to the California Supreme Court's order, on September 19, 2016, the Fifth DCA vacated its July 1, 2015, opinion. (Doc. 16 at 15.)

On November 14, 2016, the Fifth DCA reversed the true finding on the special circumstance and remanded the matter to the trial court for preparation of a new abstract of judgment. (Doc. 16 at 16.) The matter was also remanded to the trial court for the limited purpose of determining whether Petitioner was afforded sufficient opportunity to make a record of information relevant to her eventual youth offender parole hearings, and if not, to afford her that opportunity. (Doc. 16 at 16.)

Petitioner petitioned for review again to the California Supreme Court. On February 16, 2017, the petition for review was granted and the matter was referred back to the Fifth DCA with directions to vacate its decision, grant rehearing, and reconsider the cause in light of Proposition 57. (Doc. 16 at 17.) Thereafter, supplemental briefing was requested. On March 29, 2017, Respondent filed a supplemental brief. (Doc. 16 at 18.) Petitioner filed a supplemental brief on February 22, 2017, and supplemental points and authorities on May 2, 2017. (Doc. 16 at 18.)

---

[1] Page references are to ECF pagination.

2

The matter is currently pending in the Fifth DCA.

C.      Younger Abstention

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances. Younger v. Harris, 401 U.S. 37, 43-54 (1971). Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. Middlesex County Ethics Comm. V. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994). The rationale of Younger applies throughout the appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. Dubinka, 23 F.3d at 223 (even if criminal trials were completed at time of abstention decision, state court proceedings still considered pending).

The law of habeas corpus also provides guidance on when a district court should abstain from review of a claim. In order to be granted federal habeas corpus relief, the petition must have exhausted her available state remedies. 28 U.S.C. § 2254(b). The rule of exhaustion is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991). The exhaustion requirement can be satisfied by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971)

In the instant case, state proceedings are ongoing and currently pending a resolution by the state appellate court. A final judgment has not been rendered in the matter. In addition, California has an important interest in passing upon and correcting violations of a defendant's rights. Roberts v. Dicarlo, 296 F.Supp.2d 1182, 1185 (C.D. Cal. 2002) (citing Koerner v. Grigas, 328 F.3d 1039, 1046 (9th Cir. 2003)). Finally, the California Court of Appeal and the California Supreme Court are adequate forums for Petitioner to seek relief for her claims. Roberts, 296 F.Supp.2d at 1185. Therefore, the Court recommends Respondent's motion be granted and the

Court abstain from interfering in state proceedings pursuant to Younger.

**RECOMMENDATION**

Accordingly, the Court **RECOMMENDS** that Respondent's motion to dismiss be GRANTED, and the petition be DISMISSED WITHOUT PREJUDICE as premature.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within ten days after being served with a copy, any party may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Any reply to objections may be filed within seven days of the date of service of objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **September 8, 2017**          /s/ Jennifer L. Thurston
                                      UNITED STATES MAGISTRATE JUDGE

4